IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MONICA N. FILIPPONE,          )
          )
        Plaintiff,          )    TC-MD 220461G
          )
      v.          )
          )
DEPARTMENT OF REVENUE,          )
State of Oregon,          )
          )
        Defendant.          )    **DECISION**

Plaintiff appealed Defendant's disallowance of the working family household and dependent care credit (WFHDC credit) she claimed for the 2021 tax year. A remote trial was held, at which Plaintiff appeared *pro se* and testified. Peter Reynolds, auditor, represented Defendant. Plaintiff's Exhibits 1 to 6 and Defendant's Exhibits A to E were admitted.

## I. STATEMENT OF FACTS

Plaintiff claimed the WFHDC credit on her 2021 return, reporting $6,000 in payments to child-care providers. (Ex A at 1–2.) She testified that she paid her friend, Solomon Jordan, to care for her dependent granddaughter while she worked June through December 2021.

Plaintiff's documentary evidence consists of a single child-care receipt for the six months of care, excerpts from her bank statements, a declaration from Mr. Jordan with a Form OR-PS signed by him, a copy of the release of claim exemption for taxpayer's granddaughter for the years 2021–2023, and documents entitled "Time Sheet," purported to record the days and hours Plaintiff worked from June through December 2021. (Exs 1–6.)

According to Mr. Jordan's declaration, he agreed to watch Plaintiff's granddaughter while Plaintiff worked because he "was released from prison in March 2021 and needed some

/ / /

income." (Ex 3 at 1.) He provided "a signed receipt for the care provided and the amounts paid on 12/6/2021 * * *." (*Id.*)

Mr. Jordan's "signed receipt" is a document entitled "Child Care Tracking Expenses Paid," which is signed at the bottom by Plaintiff and Mr. Jordan. (Ex 1.) It contains the following table:

| DATES OF CARE FOR [* * *] | HOURS | AMOUNT |
|---|---|---|
| 6/1 – 6/11 = 9 days | 88 | 528.00 |
| 6/14 – 6/30 = 12 days | 97 | 582.00 |
| 7/2 – 7/30 = 23 days | 161 | 966.00 |
| 8/1 – 8/31 = 21 days | 168 | 1008.00 |
| 9/5 – 9/30 = 18 days | 144 | 864.00 |
| 10/1 – 10/31 = 20 days | 160 | 960.00 |
| 11/1 – 11/29 = 19 days | 153 | 918.00 |
| 12/1 – 12/23 = 16 days | 112 | 672.00 |
| *Payments*: | | |
| 9/9/21 electr transfer | | +3,000.00 |
| 12/6/21 electr transfer | | +3,500.00 |
| | TOTAL | 6,498.00 |
| | | -6,500.00 |
| | | 0.00 DUE |

(*Id.*) The receipt itself is undated, but according to a statement signed by Mr. Jordan and Plaintiff in January 2023, it was "provided and signed on 12/6/21 when the final payment was made and zero balance." (Ex 3 at 9.)

Plaintiff's bank statement excerpts show Zelle transfers in the amounts of $3,000 on September 9, 2021, and $3,500 on December 6, 2021. (Ex 2 at 2–3.) On the statements provided to the court, the line items for those transfers were labeled "moni us bank ck acct." (*Id.*) In copies of the same bank statements previously provided by Plaintiff to Defendant, those labels had been whited out. (Ex C at 1–2.)

Mr. Jordan describes the December payment as including an $84 balance forward from what was owed after the September payment. (Ex 3 at 2.) His declaration states:

"I received both payments electronically from Monica Filippone into a US bank account that was not in my name however I have full access to this account and a debit card to use when needed. The reason for not having my own account was I was just released as indicated above and due to covid guidelines and DMV and other state building COVID closures it took me awhile to obtain the necessary documents and ID to open my own account * * *."

(*Id*.) Mr. Jordan's Oregon Driver License, a copy of which is attached to his declaration, bears an issue date of April 14, 2021. (*Id*. at 12.)

Plaintiff testified that she erred in reporting $6,000 in child-care payments on her return because she had actually paid $6,500. She explained that error as the result of having forgotten about the $84 balance forward following the $3,000 payment to Mr. Jordan in September 2021. She testified that she chose not to amend her return after calculating that the additional expense would not materially change amount of credit she received.

## II. ANALYSIS

The issue is whether Plaintiff has shown that she paid Mr. Jordan for child care in 2021 and thereby qualified for the WFHDC credit. Because Plaintiff asks the court to reverse Defendant's adjustment, she must bear the burden of proof. *See* ORS 305.427.[1] Taxpayers are required to "maintain all records that are necessary to a determination of the correct tax liability." OAR 150-314-0265(2)(a).[2]

The WFHDC credit is a refundable credit available to eligible taxpayers for a percentage of their employment-related expenses, including their child care expenses. ORS 315.264(1)(a); IRC § 21(b).[3] Child-care expenses must be "paid for" child care. *See* IRC § 21(b)(2)(A).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

[2] Oregon Administrative Rules (OAR)

[3] Internal Revenue Code (IRC)

Taxpayers who pay for child care with cash face "significant challenges" in proving payment because they lack the canceled checks that provide "evidence that an expense was paid on a certain date to a specific individual or entity" by the taxpayer. *Shirley v. Dept. of Rev.*, TC–MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div, Mar 3, 2014). Contemporaneous receipts properly completed by the care provider are "essential evidence" for those who pay in cash. *Id*. Documentary evidence and testimony are evaluated in light of one another: "Inadequately explained discrepancies between testimony and the documented evidence diminish the probative value of both." *Zerba v. Dept. of Rev.*, TC-MD 190373G, 2020 WL 7489029 at *2 (Or Tax M Div, Dec 21, 2020).

In this case, the documentation provided by Plaintiff does not clearly show that payments were made to Mr. Jordan for child care. The undated receipt is noncontemporaneous; it was not prepared on the date of the first payment, and the evidence that it was prepared on the date of the second payment is a statement made more than a year later. There are no canceled checks because the payments were allegedly made by Zelle, but the bank statements showing the Zelle transfers do not show payment to Mr. Jordan.

The lack of documentation is particularly damaging to Plaintiff's case because of the unusual nature of the alleged payment arrangement—only two payments for six months of child care. Although Mr. Jordan "needed some income" when he began providing care in June, Plaintiff did not make the first Zelle transfer until September,[4] and the second transfer allegedly included payment for care that had not yet been provided at that time. No explanation was given for why regular, timely payments for child care were not made.

/ / /

---

[4] The date of that transfer is given as September 6 on the receipt, but September 9 on the bank statement.

The evidence contains other inadequately explained discrepancies. It is unclear why a forgotten $84 balance forward from the September Zelle transfer should lead Plaintiff to understate her payments by $500 on her tax return. It is unclear why the second Zelle transfer was for $2 more than the balance invoiced by Mr. Jordan. It is unclear why Mr. Jordan lacked the necessary identification to open a bank account, despite having an Oregon Driver License issued in April 2021. Given the state of the evidence, Plaintiff has not carried her burden of proof. *See* ORS 305.427.

## III.  CONCLUSION

The evidence before the court does not prove that Defendant erred in denying Plaintiff's claimed WFHDC credit for the 2021 tax year . Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal be denied.

Dated this _____ day of January 2024

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate, Poul F. Lundgren and entered on January 9, 2024.*